UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SUSAN MOORE,

        Plaintiff,

v.                                               Civil Action No. 07-CV-0770

FIRSTSOURCE ADVANTAGE, LLC,

        Defendant.
_____

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C.§ 1331, and/or 28 U.S.C.§ 1337.

3. That Plaintiff's cause of action under the TCPA is predicated upon the same facts and circumstances that give rise to her federal cause of action. As such, this Court has supplemental jurisdiction over Plaintiff's TCPA causes of action pursuant 28 U.S.C. §1367.

### III. PARTIES

4. Plaintiff Susan Moore is a natural person residing in City of Buffalo, County of Erie and State of New York, and is a consumer as that term is defined by 15 U.S.C.§1692a(3).

5. Defendant Firstsource Advantage, LLC is a New York limited liability corporation organized under the laws of the State of New York, and is a debt collector as that term is defined by 15 U.S.C.§1692a(6).

6. Defendant is also known as Account Solutions Group, LLC and ASG.

7. That at all times relevant herein, Plaintiff owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

1

8. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C.§153(32).

9. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

10. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

11. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C. §153(22).

12. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C. §153(43).

13. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. §153(52), that existed as instrumentalities of interstate and intrastate commerce.

14. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

15. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

## IV. FACTUAL ALLEGATIONS

16. That the Plaintiff's daughter, Mia Moore, incurred a debt for, upon information and belief, cable services. Said debt will hereinafter be referred to as "the subject debt".

17. That upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family or household purposes.

18. That Plaintiff has never been legally liable to pay the subject debt.

19. That the subject debt is a "debt" as that term is defined by 15 U.S.C.§1692a(5).

20. That after Mia Moore defaulted on the subject debt, the Defendant was employed to attempt to collect the subject debt.

21. That Defendant began placing telephone calls to Plaintiff on her cellular telephone to collect the subject debt of Mia Moore in approximately June of 2007.

Case 1:07-cv-00770-WMS-JJM   Document 16   Filed 06/27/08   Page 3 of 6

22. That in June of 2007, Plaintiff received approximately 25 telephone calls from the Defendant. In approximately 12 of these calls, Defendant left a prerecorded message and/or artificial voice on Plaintiff's cellular.

23. That in June of 2007 and after approximately two of the telephone calls in paragraph 22, Plaintiff spoke to Defendant, informed Defendant that they had the wrong telephone number, and asked that Defendant not call her again.

24. That after Plaintiff's request that they place no further telephone calls to her, Defendant placed approximately 90 telephone calls to her cellular telephone during the months of June of 2007 through September of 2007 in which they left a message on Plaintiff's voicemail using a prerecorded and/or artificial voice.

25. That on or about September 20, 2007, Plaintiff spoke to Defendant. At that time, Defendant told Plaintiff that they believed that she was Mia Moore and that she, the Plaintiff, owed the subject debt. The Defendant then started singing "Mia, Mia, Mia, Mia" and told Plaintiff she had "a bad attitude". Plaintiff then asked to speak to a manager. Plaintiff was put on hold for 30 minutes and nobody answered.

26. That on or about September 20, 2007, Plaintiff again called Defendant and asked to speak to a manager. Plaintiff was again put on hold and nobody answered.

27. That as a result of the foregoing, Plaintiff became nervous and upset, and suffered from emotional distress.

## V.  COUNT ONE
(Fair Debt Collection Practices Act)

28. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 27 above.

29. That Defendant violated multiple provisions of the FDCPA, including but not limited to the following:

   A. Defendant violated 15 U.S.C.§1692c(a)(1) and 15 U.S.C.§1692d by communicating with Plaintiff by telephone after her specific request that they not communicate with her in that manner.

   B. Defendant violated 15 U.S.C.§1692e and 15 U.S.C.§1692e(2)(A) by attempting to collect a debt that Plaintiff did not owe, and by falsely representing to her that she owed it.

   C. Defendant violated 15 U.S.C.§1692f, 15 U.S.C.§1692f(1), and 15 U.S.C.§1692f(5) by repeatedly calling Plaintiff's cellular phone to collect a debt the Plaintiff did not owe.

   D. That the telephone calls made by Defendant described in this complaint were made with the intent of annoying abusing, harassing, oppressing Plaintiff in violation of 15 U.S.C.§1692d and 15 U.S.C.§1692d(5).

3

30. That as a result of the Defendant's violations of the FDCPA, the Plaintiff suffered actual damages, and emotional distress, and is also entitled to an award of statutory damages, costs and attorneys' fees.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.14.1200, et seq.)

31. Plaintiff repeats, re-alleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

32. The Defendant at all times material and relevant hereto, unfairly, unlawfully, and intentionally violated the TCPA, 47 U.S.C.§227, et seq. and  47 C.F.R.14.1200, et seq.

33. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C. §227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C. §227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or used an artificial and/or prerecorded voice to deliver messages without the prior express consent of the Plaintiff.

34. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively and fraudulently coercing Plaintiff to pay the alleged debt despite Plaintiff owing no obligation.

35. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

36. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were not acted or omitted pursuant to 47 C.F.R. §64.1200(f)(2).

37. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home and elsewhere.

38. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

39. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

40. Plaintiff received approximately 90 telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(d)(3)(B), from the defendant in the amount of Forty-Five Thousand Dollars and No Cents ($45,000.00).

41. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages in the amount of One Hundred Thirty Five Thousand Dollars and No Cents ($135,000.00) pursuant to TCPA, 47 U.S.C.§227(d)(3).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages pursuant to FDCPA 15 U.S.C. §1692k(a)(1);

(b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and TCPA 47 U.S.C. §227(b)(3);

(c) Treble statutory damages pursuant to 47 U.S.C.§227b(3);

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(e) For such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED.**

Dated: June 27, 2008

/s/ Kenneth R. Hiller, Esq._____
BY: Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
The Law Office of Kenneth Hiller
*Attorneys for the Plaintiff*
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com
          ajordan@kennethhiller.com

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

Susan Moore affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by our attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated:  June 27, 2008                               /s/ Susan Moore__
                                                    Susan Moore